IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

ROBERT HISAOKA,

       Plaintiff,

v.                                                    Case No.1:16-cv-02445

ANTIQUORUM USA, INC.,                  **JURY TRIAL DEMANDED**

       Defendant.

_____

## COMPLAINT

Plaintiff, ROBERT HISAOKA ("Plaintiff"), by and through undersigned counsel, for his Complaint against Defendant, ANTIQUORUM USA, INC. ("Defendant"), alleges as follows:

## PARTIES

1. Plaintiff is an individual who resides in the Commonwealth of Virginia.

2. Upon information and belief, Defendant is a New York corporation with its principal place of business at 595 Madison Avenue, 5th Floor, New York, New York.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. The Court has personal jurisdiction over Defendant pursuant to N.Y. C.P.L.R §301 because Defendant is a New York Corporation with its principal place of business in New York, New York and the Consignment Agreement includes a venue

selection clause designating the courts of New York as the appropriate venue to resolve disputes arising out of the Consignment Agreement.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(1) because Defendant resides in this District pursuant to 28 U.S.C. §1391(d). Venue is also appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2) because the auction at issue in this case took place in this District and the Consignment Agreement includes a venue selection clause designating this District as the appropriate venue to resolve disputes arising out of the Consignment Agreement.

## FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant operates an auction house specializing in the sale of vintage and modern timepieces.

7. On October 13, 2015, Plaintiff and Defendant entered into a contract, titled Consignment Agreement (the "Consignment Agreement"), pursuant to which Plaintiff consigned to Defendant and Defendant accepted on consignment two watches, in order for the watches to be sold by Defendant. A true, accurate, and complete copy of the Consignment Agreement is attached hereto as Exhibit A.

8. Pursuant to Section 1.8 of the Consignment Agreement, Defendant was required to "prepare a statement detailing the Property that was sold and/or not sold, within 14 days of the date of auction and/or private treaty."

9. Upon information and belief, the two watches that were the subject of the Consignment Agreement were sold by Defendant at an auction in New York, New York on December 15, 2015.

10. On January 12, 2016, Plaintiff received a vendor statement from Defendant which indicated a total of $170,000 due to Plaintiff for the sale of the watches. A true, accurate, and complete copy of the vendor statement is attached hereto as Exhibit B.

11. Pursuant to Section 1.8 of the Consignment Agreement, "[i]f the statement shows a balance in favor of the Consignor, assuming Antiquorum has received full payment from the purchaser of the Property, then Antiquorum shall pay the balance due to the Consignor beginning 40 days after the date of the sale of the auction and/or private treaty."

12. Upon information and belief, the buyers of the watches paid Defendant for their items shortly following the December 15, 2015 auction.

13. In material breach of the Consignment Agreement, Defendant has and continues to fail to pay Plaintiff the $170,000 due to him pursuant to the terms of the Consignment Agreement, despite repeated demands by Plaintiff.

## Count I
**(Breach of Contract)**

14. Plaintiff repeats and realleges the preceding Paragraphs of this Complaint as if fully set forth.

15. Plaintiff and Defendant are parties to the Consignment Agreement, which is a valid and enforceable contract.

16. The Consignment Agreement, among other things, requires Defendant to pay the balance due Plaintiff from the sale of the consigned items 40 days after the date of sale.

17. Defendant materially breached the Consignment Agreement by failing to pay the amount due Plaintiff.

18. As a result of such material breach of the Consignment Agreement, Plaintiff has been damaged in the amount of $170,000.

WHEREFORE Plaintiff prays that this Court enter judgment in his favor and against Defendant, award Plaintiff damages in the amount of $170,000, plus attorneys' fees and costs and grant Plaintiff such other relief as this Court deems proper.

## COUNT II
### (Unjust Enrichment)

19. Plaintiff repeats and realleges the preceding Paragraphs of this Complaint as if fully set forth.

20. Plaintiff conferred a benefit on Defendant by consigning to Defendant two valuable watches.

21. Defendant retained the benefit conferred by Plaintiff by failing to remit to Plaintiff the proceeds of the sale of the two watches.

22. Plaintiff received no compensation or benefit from Defendant.

23. Under the circumstances, it would be unjust to allow Defendant to retain the benefit conferred upon it by Plaintiff without compensating Plaintiff therefore.

WHEREFORE Plaintiff prays that this Court enter judgment in his favor and against Defendant, award Plaintiff damages in an amount to be proven at trial but in excess of $170,000, plus attorneys' fees and costs and grant Plaintiff such other relief as this Court deems proper.

## COUNT III
## (Conversion)

24. Plaintiff transferred possession of the watches that were the subject of the Consignment Agreement to Defendant in accordance with the terms of the Consignment Agreement.

25. Defendant has retained possession of the watches, or the proceeds of the sale of the watches after the sale at auction, in contravention of the terms of the Consignment Agreement and to the exclusion of Plaintiff's possessory rights.

26. Despite repeated demand by Plaintiff, Defendant has willfully failed and refused to transfer to Plaintiff the watches or the proceeds of the sale of the watches, in willful and wanton disregard of Plaintiff's rights.

WHEREFORE Plaintiff prays that this Court enter judgment in his favor and against Defendant, award Plaintiff damages in an amount to be proven at trial but in excess of $170,000, plus punitive damages, attorneys' fees and costs and grant Plaintiff such other relief as this Court deems proper.

## Demand for Jury Trial

Plaintiff demands a jury trial on all claims so triable.

Dated:   April 1, 2016              Respectfully submitted,

                                        /s/Laura C. Fraher
                                    Laura Fraher (LF1466)
                                    SHAPIRO LIFSCHITZ & SCHRAM, P.C.
                                    1742 N Street, NW
                                    Washington, DC  20036
                                    (202) 689-1900 (telephone)
                                    (202) 689-1901 (facsimile)
                                    Fraher@slslaw.com
                                    *Attorneys for Plaintiffs*